UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TASHA NICOLE WILLIAMS,

    Plaintiff,

v.                                                   Case No.  8:17-cv-64-T-30AEP

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,[1]

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff seeks judicial review of the denial of her claim for a period of disability, and disability insurance benefits ("DIB").  As the Administrative Law Judge's ("ALJ") decision was not based on substantial evidence and did not employed proper legal standards, it is recommended that the Commissioner's decision be reversed and remanded.

**I.**

**A.**    **Procedural Background**

Plaintiff filed an application for a period of disability and DIB (Tr. 21). The Commissioner denied Plaintiff's claims both initially and upon reconsideration (Tr. 102–08). Plaintiff then requested an administrative hearing (Tr. 115–16). Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 37–74).  Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 21–31).  Subsequently, Plaintiff requested review from the

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit.  No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Appeals Council, which the Appeals Council denied (Tr. 1–3). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

### B. Factual Background and the ALJ's Decision

Plaintiff, who was born in 1977, claimed disability beginning March 13, 2011 (Tr. 21). Plaintiff has high school education (Tr. 30). Plaintiff's past relevant work experience included work as phlebotomist, warehouse worker, and telephone solicitor (Tr. 30). Plaintiff alleged disability due to tinnitus, arthritis, fibromyalgia, depressive disorder, gastroesophageal reflux disease, lumbar strain, hypothyroidism, migraines, hypertension, adrenalin insufficiency, and cervical degenerative joint disease (Tr. 87). In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through June 30, 2017, and had not engaged in substantial gainful activity since March 13, 2011, the alleged onset date (Tr. 23). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: degenerative disc disease, obesity, history of fibromyalgia, Post-traumatic Stress Disorder ("PTSD"), and major depressive disorder (Tr. 23). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 24). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform sedentary work as defined in 20 CFR 404.1567(b) except: prohibited from climbing ladders, ropes, and scaffolds; occasional climbing of ramps and stairs, balancing, kneeling, stooping, crouching, and crawling; avoid slippery and uneven surfaces, hazardous machinery, and unprotected heights; limited to simple, routine, and repetitive tasks; and work in a low stress job, which is defined as having no fixed production quotas, no hazardous conditions, only occasional decision

making required and only occasional changes in the work setting (Tr. 26). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not entirely credible (Tr. 27).

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), however, the ALJ determined Plaintiff could not perform her past relevant work (Tr. 30). Given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as a telephone information clerk, account clerk, and order clerk (Tr. 31). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 31–2).

## II.

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review,

3

further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. §§ 404.1520(a), 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g), 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient

reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

### III.

Plaintiff argues here that the ALJ erred by (i) failing to sufficiently consider the disability rating provided by the Department of Veterans Affairs ("VA") and (ii) failing to discuss the weight afforded to Dr. Kelly A. Gorman's ("Dr. Gorman") and Dr. Karen E. Sahlin's ("Dr. Sahlin") opinions. For the reasons that follow, the ALJ did not apply the correct legal standards and the ALJ's decision is not supported by substantial evidence.

**A. The Decision by the Department of Veterans Affairs**

Pursuant to 20 C.F.R. § 404.1504, a decision by any other governmental agency about whether a claimant is disabled is based upon that agency's rules and is not the decision of the Social Security Administration ("SSA"). Rather, the SSA makes a disability determination based upon social security law, and, thus, a determination made by another agency that a claimant is disabled does not bind the SSA. 20 C.F.R. § 404.1504. Though such decisions are not binding on the ALJ, such determinations, including VA disability ratings, should be considered and given great weight. *Ostborg v. Comm'r of Soc. Sec.*, 610 F. App'x 907, 914 (11th Cir. 2015) (stating "A VA rating, while not binding on the SSA, is evidence that should be considered and is entitled to great weight" (citation and internal quotation marks omitted)); *Boyette v. Comm'r of Soc. Sec.*, 605 F. App'x 777, 779 (11th Cir. 2015) (noting that VA disability ratings are not binding on the ALJ but that such ratings should be considered and given great weight); *Brady v. Heckler*, 724 F.2d 914, 921 (11th Cir. 1984) (stating "Although

5

the V.A.'s disability rating is not binding on the Secretary of Health and Human Services, it is evidence that should be given great weight" (citation and internal quotation marks omitted)); *Bloodsworth*, 703 F.2d at 1241 (stating "The findings of disability by another agency, although not binding on the Secretary, are entitled to great weight" (citation omitted)). Indeed, in determining whether a claimant is disabled, the ALJ should consider decisions by governmental agencies about whether a claimant is disabled along with the other evidence of record. 20 C.F.R. §§ 404.1512(b)(1)(v). Although VA disability standards are lower than the Commissioner's standards, the ALJ must still consider the VA's disability rating and cannot reject it based on mere fact that it is not binding. *See Brady*, 724 F.2d at 921.

Here, the ALJ provided three reasons for giving the VA's rating little weight: (1) the determinations regarding Plaintiff's disability made by another entity are not binding on the SSA; (2) the current record failed to show that Plaintiff's identified impairments would be considered severe under SSA; and (3) the VA's disability rating list has limited probative value since it does not include PTSD (Tr. 30). The ALJ is correct in stating that disability determinations by other agencies, including the VA, are not binding, nonetheless, the SSA requires the evidence to be considered and given "great weight." *See* 20 C.F.R. § 404.1504; *Ostborg*, 601 F. App'x at 610. Additionally, the ALJ rejected the VA's rating disability determination because it differed from the Commissioner's determination (Tr. 30), however, the ALJ did not offer any substantive reason for assigning the VA's rating little weight. *Burch-Mack v. Comm'r of Social Sec.*, No: 8:15-cv-1167-T-JSS 2016 WL 4087477 at *4 (M.D. Fla. 2016). The ALJ simply explained that he considered the VA disability ratings in accordance with SSA regulations by stating the conditions and percentages given by the VA (Tr. 30). However, the ALJ did not specifically address the merits of the VA's disability rating. For example, in *Burch-Mack v. Commissioner of Social Security*, the court found that the ALJ's

6

analysis did not constitute a meaningful review of the VA disability determination even though the ALJ's decision included more specific factual analysis than the one in the present case. 2016 WL 4087477 at *4.  Additionally, "[a] VA rating of 100% disability should [be] more closely scrutinized by the ALJ." *In Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).  Here, the ALJ gave little weight to Plaintiff's 100% VA disability rating by stating three reasons with no analysis when the ALJ should have provided a better explanation for giving the VA ratings little weight (Tr. 30).  Thus, substantial evidence does not support the Commissioner's decision because the ALJ's rejection of the VA disability rating does not include a thorough review of the record as required.  *See* 20 C.F.R. §§ 404.1512(b)(1)(v).  Further, although reasons to reject the VA's disability ratings may exist, the Court cannot affirm simply because some rationale might have supported the ALJ's conclusion.  *See Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984).  Therefore, it is recommended that the District Court remands the case to the Commissioner for proper consideration of the VA's disability rating.

### B.  Medical Opinions

When assessing the medical evidence, the ALJ must state with particularity the weight afforded to different medical opinions and the reasons therefor.  *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (citation omitted).  The Social Security regulations provide guidelines for the ALJ to employ when evaluating medical opinion evidence.  *See* 20 C.F.R. §§ 404.1527, 416.927.  In determining the weight to afford a medical opinion, the ALJ considers a variety of factors including but not limited to the examining relationship, the treatment relationship, whether an opinion is well-supported, whether an opinion is consistent with the record as a whole, and the area of the doctor's specialization.  20 C.F.R. §§ 404.1527(c), 416.927(c).  For instance, the more a medical source presents evidence to support

an opinion, such as medical signs and laboratory findings, the more weight that medical opinion will receive. 20 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3). Further, the more consistent the medical opinion is with the record as a whole, the more weight that opinion will receive. 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4). Typically, an ALJ is not required to give the opinion of a one-time examining physician any deference. *See McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987) (citing *Gibson v. Heckler*, 779 F.2d 619, 623 (11th Cir. 1986)); 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). Additionally, the Court may find the ALJ's failure to address an opinion as harmless error when it does not prejudice a claimant. *See Cooper v. Astrue*, 373 Fed. App'x 961, 962 (11th Cir. 2010) (*per curiam*) (citing *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983). The Court may also find that the ALJ's failure to discuss weight given to a physician's opinion constituted harmless error when the opinion did not contradict the ALJ's finding. *Caldwell v. Barnhart*, 261 F. App'x 188, 191 (11th Cir. 2008).

**Dr. Gorman**

Plaintiff contends that the ALJ erred in not mentioning or weighing Dr. Gorman's opinion in the decision because Dr. Gorman opined that Plaintiff had difficulty in establishing and maintaining effective work and social relationships and the ALJ failed to include any social limitations in Plaintiff's RFC (Tr. 26). The Commissioner agrees that the ALJ did not discuss the opinion but argues that this was not prejudicial to Plaintiff and thus a harmless error.

Here, Plaintiff is correct in that the ALJ erred by failing to state the particular weight if any given to Dr. Gorman's opinion. However, the Court finds that this error is harmless. *See Caldwell*, 261 Fed. Appx. At 191. Dr. Gorman, without examining Plaintiff, completed a Mental Disorders Questionnaire for Plaintiff's Compensation and Pension examination ("C&P exam") (Tr. 751-759). In this questionnaire, Dr. Gorman noted Plaintiff's previous mental diagnoses (Tr. 753-754) and opined, among other things, that Plaintiff's mental impairments

8

caused "[o]ccupational and social impairment with occasional decrease in work efficiency and intermittent periods of inability to perform occupational tasks, although generally functioning satisfactorily, with normal routine behavior, self-care and conversation" (Tr. 755).[2]  While the ALJ failed to specifically address Dr. Gorman's opinion in his RFC finding, the ALJ addressed similar social limitations while determining Plaintiff's RFC by applying the regulatory Psychiatric Review Technique ("PRT") to determine Plaintiff's severity of mental impairments found at step two of the sequential process (Tr. 23).  The ALJ noted Plaintiff reported feeling isolated from others but indicated only mild difficulties with social functioning because Plaintiff's reported activities of daily living included talking on the phone with friends at least once a day or spending time with friends came to visit her (Tr. 55).  Based on this evidence which supports the ALJ's RFC finding, the ALJ's RFC finding did not need to include any limitations as to personal interaction (Tr. 26).   Therefore, the ALJ's failure to discuss Dr. Gorman's opinion is harmless error.

### Dr. Sahlin

Plaintiff contends that the ALJ did not mention or weigh Dr. Sahlin's opinion in the decision. The Commissioner agrees that the ALJ did not discuss the opinion, but this was not prejudicial to Plaintiff and thus a harmless error.

Here, Plaintiff is correct that the ALJ erred by not discussing Dr. Sahlin's opinions.  Dr. Sahlin completed multiple disability questionnaires for Plaintiff's C&P exams (Tr. 330-418).

---

[2] The Commissioner argues that Dr. Gorman's opinion relied heavily on Plaintiff subjective complaints, which, at the time, were conflicting.  For example, Dr. Gorman noted that Plaintiff indicated that she would have difficulty establishing and maintaining work and social relationships, but Plaintiff also reported to Dr. Gorman that she maintained good relationships with friends and family (Tr. 755).  The Court cannot address this specific issue because the ALJ did not discuss Dr. Gorman's opinion in his decision, but as stated by the Commissioner, claimant's subjective statements are not an acceptable basis for an opinion. See 20 C.F.R. §§ 404.1527(c), 416.927(c); *Crawford v. Commissioner of Social Security*, 363 F.3d 1155, 1159-60 (11th Cir. 2004).

9

Dr. Sahlin provided a series of opinions about Plaintiff's following impairments: Addison's disease, (Tr. 334, 338, 341), migraine headaches, (Tr. 359-362), lumbar strain, (Tr. 362-363), hip and thigh fractures, (Tr. 380, 385), patellofemoral syndrome, (Tr. 402), cervical degenerative joint disease, (Tr. 403), and fibromyalgia, (Tr. 414-416).

The ALJ's failure to discuss Dr. Sahlin's opinion is harmless because the opinion did not contradict the ALJ's finding. *See Caldwell*, 261 Fed. Appx. At 191. For Plaintiff's Addison's disease, the ALJ included additional limitations to sedentary work, requiring Plaintiff to work in a low stress job, to account for Plaintiff's stress-related issues (Tr. 26). A condition is not disabling when controlled by medicine, *Dawkins v. Bowen,* 848 F.2d 1211, 1213 (11th Cir. 1988), and the ALJ noted that the evidence in the record did not show that Plaintiff's migraine headaches were severe for the continuous twelve months and were under control with medicine (Tr. 24). Then, the ALJ discussed Plaintiff's allegations related to lumbar strain and the medical evidence at length in the decision (Tr. 28–29). Also, the ALJ's determination of sedentary work agreed with the diagnostic testing done by Dr. Sahlin, which indicated no additional sitting limitations for Plaintiff because of her hip and thigh fractures (Tr. 381-383, 390). Plaintiff did not allege patellofemoral syndrome either in her disability reports or at the hearing (Tr. 29-74, 190-200, 225-33, 237-45), therefore the ALJ had "no obligation to investigate a claim not presented at the time of the application for benefits and not offered at the hearing as a basis for disability." *Pena v. Chater,* 76 F.3d 906, 909 (11th Cir. 1996). The ALJ noted that medical evidence of Plaintiff's degenerative joint disease as a severe impairment but also stated that the treatment regimen has been successful in alleviating symptoms, which did not contradict Dr. Sahlin's subjective notes (Tr. 28). Additionally, the ALJ discussed Plaintiff's medical evidence about fibromyalgia at length by including additional physical and mental limitations that would account for any fatigue issue (Tr. 28). Therefore,

based on the evidence discuss above, the ALJ's failure to discuss Dr. Sahlin's opinion is harmless.

## IV.

Accordingly, after due consideration and for the foregoing reasons, it is hereby

RECOMMENDED:

1.  The decision of the Commissioner be REVERSED and REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further administrative proceedings to provide a more complete analysis on why the VA disability rating should be discounted.

2.  The Clerk be directed to enter final judgment in favor of the Plaintiff and close the case.

IT IS SO REPORTED in Tampa, Florida, on this 26th day of February, 2018.

ANTHONY E. PORCELLI
United States Magistrate Judge

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.


cc: Hon. James S. Moody, Jr.
　　Counsel of Record